ORIGINAL

# In the United States Court of Federal Claims

No. 16-1682C
(Filed June 5, 2017)
NOT FOR PUBLICATION

| | |
|---|---|
| **JULIAN MARCUS RAVEN,** | FILED<br>JUN - 5 2017<br>U.S. COURT OF FEDERAL CLAIMS |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

*Pro se* plaintiff Julian Marcus Raven has moved for the transfer of this case to the United States District Court for the District of Columbia due to lack of subject matter jurisdiction, under 28 U.S.C. § 1631. Plaintiff correctly notes that this Court's jurisdiction is limited by the Tucker Act, Pl.'s Mot. Trans. at 2, which confers jurisdiction over monetary claims brought against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also United States v. Testan*, 424 U.S. 392, 398 (1976); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005); *Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution").

Section 1631 permits this Court to transfer a case, "if it is in the interest of justice," to any federal court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In order to transfer a claim, this Court must determine that: (1) our court lacks subject matter jurisdiction; (2) the claim could have been brought in the transferee court at the time the case was filed; and (3) transfer is in the interest of justice. *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed. Cir. 1988); *see also Albino v. United States*, 104 Fed. Cl. 801, 817 (2012).

With regard to this Court's jurisdiction, the only proper defendant in the Court of Federal Claims is the United States. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Plaintiff names in his complaint numerous government officials along with the National Portrait Gallery and the United States Congress. While claims against the National Portrait Gallery and the United States Congress could possibly be construed as being brought against the United States government, the majority of plaintiff's claims are against individual defendants, over which this Court does not have jurisdiction.

Moreover, the claims pleaded by Mr. Raven do not fall under this Court's subject matter jurisdiction. First, plaintiff cannot base our jurisdiction on violations of 42 U.S.C. § 1983, as claims under the Civil Rights Act are vested exclusively in the district courts. *See Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."). Furthermore, 42 U.S.C. § 1983 only applies to actions of state and local, not federal, officials. *See Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015).

Second, punitive damages sound in tort and are thus not within our jurisdiction. *See Thompson v. United States*, 229 Ct. Cl. 789, 790 (1982). Third, plaintiff alleges violations of the First Amendment, which is not money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983); *see also Le Blanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the jurisdiction of the Court of Federal Claims is limited to claims under constitutional provisions which are "money-mandating"). Finally, plaintiff cites 5 U.S.C § 552, 5 U.S.C § 706, 15 U.S.C §80a-35, 18 U.S.C § 1001, 28 U.S.C. § 959, 29 U.S.C §1105, and 29 U.S.C §1109, none of which are money-mandating statutes. Plaintiff himself recognizes this, declaring in his amended complaint that this Court does not have jurisdiction over his claims. Pl.'s Amend. Comp. at 4.

Next it must be determined whether any of these claims could have been brought in the transferee court. *Rodriguez*, 862 F.2d at 1560. In the government's response, it took no position on whether the Court should grant plaintiff's motion to transfer --- acknowledging, however, that plaintiff's amended complaint describes actions occurring in the District of Columbia and asserts claims under the Administrative Procedure Act (APA), 5 U.S.C § 552, which are within the jurisdiction of district courts. *See* Resp. at 2. While our court does not have jurisdiction over any of plaintiff's claims, plaintiff could have brought his APA

claims in the District Court for the District of Columbia. Therefore, the plaintiff presents claims that are within the jurisdiction of the requested transferee court.

Finally, the Court must find that transferring this case is "in the interest of justice." 28 U.S.C. § 1631. This standard is very subjective and has been treated with wide latitude by this and other federal courts. *See, e.g., Auto Europe, LLC v. Conn. Indem. Co.*, 321 F.3d 60, 64 (1st Cir. 2003). A transfer is not "in the interest of justice" where the allegations contained in the complaint fail to state a claim on the merits. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.") (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)); *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) ("If such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits,' the deciding court may decline to transfer the case and dismiss it.") (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390–91 (1997)). Mister Raven's claims appear to have sufficient factual support --- he has alleged specific instances of government actions, which could plausibly form a basis for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, transfer to the district court is appropriate.

## CONCLUSION

The plaintiff's motion to transfer this case to the United States District Court for the District of Columbia is **GRANTED**. All other pending motions are **DENIED** as moot. The Clerk shall transfer the case.

**IT IS SO ORDERED.**

[signature]
VICTOR J. WOLSKI
Judge